# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>      v.<br><br>PABLO ALVAREZ,<br><br>                                Defendant. | CASE NO. 14-cr-1748-GPC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY RESTITUTION PENDING APPEAL AND ORDERING DEFENDANT TO MAKE RESTITUTION PAYMENTS TO THE DISTRICT COURT'S REGISTRY**<br><br>[Dkt. No. 84.] |

Presently before the Court is Defendant Pablo Alvarez's ("Defendant") motion to stay restitution pending appeal. (Dkt. No. 84.) The United States has opposed the motion. (Dkt. No. 89.) For the reasons set forth below, the Court **GRANTS** Defendant's motion to stay restitution pending appeal, and also **GRANTS** the United States' request to order Defendant to make restitution payments to the district court's registry.

## BACKGROUND

On October 31, 2014, Defendant was sentenced after pleading guilty to transportation of illegal aliens, in violation of 8 U.S.C. § 1324. (Dkt. No. 66.) On January 27, 2015, Defendant was ordered to pay restitution in the amount of $2,900 to San Diego Rent A Car. (Dkt. No. 83.)

On February 4, 2015, Defendant filed a motion to stay restitution pending

appeal. (Dkt. No. 84.) Defendant filed his notice of appeal relating to the order of restitution on February 9, 2015. (Dkt. No. 86.) The United States filed its opposition to the motion to stay restitution on February 19, 2015. (Dkt. No. 89.)

## LEGAL STANDARD

Federal Rule of Criminal Procedure 38(e) provides that "[i]f the defendant appeals, the district court . . . may stay – on any terms considered appropriate – any sentence providing for restitution under 18 U.S.C. § 3556." Fed. R. Crim. P. 38(e)(1).

## DISCUSSION

Defendant argues that the Court should stay the criminal restitution order pending appeal based on the factors for a stay pending appeal in the civil context: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. (Dkt. No. 84-1 at 3-4 (citing *Hilton v. Brauskill*, 481 U.S. 770, 776 (1987)).[1] He contends that: (1) he is likely to succeed on the merits because the magistrate judge failed to properly advise him of possible restitution as a penalty, he was not a cause of the damage to the rental car, and a recent Supreme Court case supports his constitutional challenge; (2) he would be irreparably harmed if he prevails on appeal and is not able recover the monies from San Diego Rent A Car, particularly because he is indigent; (3) San Diego Rent A Car will not be substantially injured by a stay because it is a small amount of monies for a business, and it did not request restitution until being contacted by the government; and (4) the public interest is not implicated. (*Id.* at 4-6.) Defendant also argues that he has not waived appeal of the restitution order. (*Id.* at 1-3.)

---

[1] The Court notes that it is unclear whether it is appropriate to apply the *Hilton* test here given that this is a criminal rather than a civil case. Further, some courts have held that the *Hilton* test does not apply to civil monetary judgments, which is more analogous to restitution. *See Bolt v. Merrimack Pharms., Inc.*, No. 04-cv-0893-WBS-DAD, 2005 WL 2298423, at *2 (E.D. Cal. 2005).

The United States summarily contends that this Court should deny Defendant's motion for a stay of the order of restitution. (Dkt. No. 89 at 2.) Alternatively, the United States requests that the Court require Defendant to make his restitution payments to the district court's registry, to protect San Diego Rent A Car if Defendant's appeal is unsuccessful.[2] (*Id.*)

Under Rule 38(e)(1), the Court has the discretion to stay restitution pending appeal, and to set whatever terms the Court considers appropriate during the pendency of the stay. Fed. R. Crim. P. 38(e)(1). Given Defendant's concerns regarding recovering the monies from San Diego Rent A Car if his appeal is successful, and the lack of substantial injury to San Diego Rent A Car in delaying their receipt of restitution, the Court exercises its discretion and **GRANTS** Defendant's request to stay restitution pending appeal. However, the Court also **GRANTS** the United States' request that Defendant deposit his restitution payments into the district court's registry to protect San Diego Rent A Car.

**IT IS SO ORDERED.**

DATED: April 10, 2015

HON. GONZALO P. CURIEL
United States District Judge

---

[2] The United States cites Rule 38(e)(2), which provides that "[t]he court may issue any order reasonably necessary to ensure compliance with a restitution order or a notice order after disposition of an appeal, including: (A) a restraining order; (B) an injunction; (C) an order requiring the defendant to deposit all or part of any monetary restitution into the district court's registry; or (D) an order requiring the defendant to post a bond." Fed. R. Crim. P. 38(e)(2). (Dkt. No. 89 at 2.) However, by its terms, this provision only applies "after disposition of an appeal."